```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

RE'NAUL M. JOHNSON, a/k/a
ARIEL A. ADLA, # 166237,         :

    Plaintiff,                   :

vs.                              :     CIVIL ACTION 07-00396-KD-B

WARDEN JERRY FERRELL, *et al.*,  :

    Defendant.                   :

### REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis* (Doc. 2),[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is recommended that Plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a
> civil action or appeal a judgment in a civil
> action or proceeding under this section [28
> U.S.C. § 1915] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or
> detained in any facility, brought an action
> or appeal in a court of the United States
> that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger

---

[1] Plaintiff's Motion to Proceed Without Prepayment of Fees was granted (Doc. 6).  An Order rescinding this grant of *in forma pauperis* status is being entered contemporaneously with this Report and Recommendation.

of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that Plaintiff previously had six actions and appeals that were dismissed on the grounds enumerated under 28 U.S.C. § 1915(e)(2)(B), namely, Adla v. Bowers, et al., CA 04-0111-MHT-DRB (M.D. Ala. Mar.10, 2004); Adla v. Glover, CA 04-0171-MEF-DRB (M.D. Ala. May 10, 2004); Johnson v. Ellison, et al., CA 98-1360-ID-CSC (M.D. Ala. Feb. 4, 1999); Johnson v. Young, et al., CA 97-1211-MHT-VPM (M.D. Ala. Feb. 20, 1998), dismissed (11th Cir. Nov. 4, 1998) (appeal frivolous); Johnson v. Robinson, et al., CA 98- 1359-ID-CSC (M.D. Ala. Oct. 16, 2000), dismissed (11th Cir. Mar. 2, 2001) (appeal frivolous). Furthermore, the Court for the Middle District dismissed several of Plaintiff's actions under 28 U.S.C. § 1915(g). Adla v. Houston County Jail, et al., CA 04-0110-MHT-DRB (M.D. Ala. Apr. 7, 2004); Adla v. Spiegner, et al., CA 04-0164-MEF-DRB (M.D. Ala. Apr. 14, 2004); Adla v. Glover, et al., CA 04-0181-WHA-DRB (M.D. Ala. Apr. 27, 2004); Adla v. City of Dothan, Ala., et al., CA 04-0258-MEF-DRB (M.D. Ala. Apr. 27, 2004); and Johnson v. Houston County Comm., et al., CA 05-0899-MEF-DRB (M.D. Ala. Oct. 28, 2005).

In the present action, Plaintiff's amended complaint (Doc. 4), which supersedes his original complaint, does not indicate that at the time of filing, Plaintiff was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th

Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  According to Plaintiff, in January 2, 2006, he urinated and defecated on himself because he was "locked down" in the inmate law library where water, "toiletry," and adequate security were not provided.  Plaintiff asserts that the nearest toilet for inmate use is located on the Old Hospital Walk where Defendant Floyd's office is located and that she will not let Plaintiff and other inmates use her office's restroom even during "lock down" pursuant to Defendant Myers's orders.  Plaintiff further avers that on January 4, 2006, Defendant Ferrell ordered that Plaintiff be given a body chart at the health care unit and then be taken to segregation where immediate access to water, "toiletry," and security was available, and that on May 21, 2007, Defendant Walker prohibited Plaintiff from going to another area of the prison where a toilet was available. Additionally, Plaintiff asserts that construction of an inmate restroom on the Old Hospital Walk has since been started by Defendants Ferrell and Myers, and that the Defendants are responsible for his "irreparable psychological harm, pain and suffering."

Upon consideration of Plaintiff's allegations, the Court is unable to find that an imminent danger existed on May 31, 2007, when Plaintiff filed the original complaint (Doc. 1), much less one involving serious physical injury to Plaintiff.  Therefore,

3

Plaintiff's amended complaint does not meet § 1915(g)'s "imminent danger of serious physical injury" exception.

Because Plaintiff did not pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), <u>cert. denied</u>, 535 U.S. 976 (2002). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **7th** day of **February, 2008.**


                                                        /S/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

5

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this the **7th** day of **February, 2008.**

                                          **/s/Sonja F. Bivins**
                                **UNITED STATES MAGISTRATE JUDGE**